UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **WESLEY SINCLAIR RICKS** | **CIVIL ACTION NO. 22-5247** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **STATE OF LOUISIANA** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Petitioner Wesley Sinclair Ricks, a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se and in forma pauperis, filed this Petition for Writ of Habeas Corpus on approximately September 11, 2022, under 28 U.S.C. §2254.[1] [doc. # 1, p. 15]. Petitioner attacks his rape and cruelty-to-juveniles convictions, as well as the twenty-year and life-without-parole sentences imposed by the Fourth Judicial District Court, Parish of Morehouse. *Id.* at 1. Petitioner also moves for miscellaneous forms of relief pertaining to the merits of his claims. [doc. #s 5, 7, 9, 10]. For the following reasons, the Court should dismiss this Petition without prejudice.

### Background

On March 29, 2021, Petitioner filed a petition before this Court under 28 U.S.C. § 2254, attacking the same convictions and sentences he attacks here. *Wesley Sinclair Ricks v. Darrel Vannoy*, 3:21-cv-0831 (W.D. La. 2021). In the prior proceeding, he raised the following

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

assignments of error: (1) that he was unable to testify because his indictment unconstitutionally joined a capital and non-capital offense; and (2) his appellate counsel rendered ineffective assistance by failing to raise the aforementioned claim on appeal. *Id.* at Doc. 6, pp. 5, 7.

On July 21, 2021, this Court denied and dismissed Petitioner's prior petition "with prejudice as time-barred under 28 U.S.C. § 2244(d)." *Id.* at Doc. 44. On February 11, 2022, the United States Court of Appeals for the Fifth Circuit dismissed Petitioner's appeal "for want of jurisdiction." *Id.* at Doc. 53.

In this Petition, Petitioner claims: "The Grand Jury's indictment contains unconstitutional joinder of offenses: aggravated rape and cruelty to juveniles." [doc. # 1, p. 5].

## Law and Analysis

"Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." RULE 9 OF THE RULES GOVERNING SECTION 2254 CASES IN THE U.S. DIST. COURTS. The bar on second or successive petitions applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an earlier-in-time petition. *In re Lampton*, 667 F.3d 585 (5th Cir. 2012) (*citing Burton v. Stewart*, 549 U.S. 147, 156 (2007)).

The phrase "second or successive" applies to an entire application, not to individual claims in an application. *Magwood v. Patterson*, 561 U.S. 320, 334 (2010) ("AEDPA uses the phrase 'second or successive' to modify 'application.'"). "[A]n application filed after a previous application was adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, n. 7 (5th Cir. 1999) (*citing Felker v. Turpin*, 518 U.S. 651, 655-58, 662-

63 (1996)).

Although the Antiterrorism and Effective Death Penalty Act ("AEDPA") does not define "second or successive," the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).[2] A petition is "second or successive," under the first prong, if it contains a new claim that the petitioner could have raised in a prior petition and the petitioner's failure to raise the claim is inexcusable. *McCleskey v. Zant*, 499 U.S. 467, 489 (1991).

Likewise, under the second prong, "a petitioner may abuse the writ by failing to raise a [new] claim through inexcusable neglect" or deliberate abandonment. *Id.*[3] A "petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice. It is also an abuse of the writ for a prisoner to raise the same claim a second time." *Beras v. Johnson*, 978 F.3d 246, 252 (5th Cir. 2020). "A federal habeas court's power to excuse these types of defaulted claims derives from the court's equitable discretion." *McCleskey v. Zant*, 499 U.S.

---

[2] "This definition 'must be considered in the context of AEDPA, the statute that it interprets,' which is aimed at minimizing repeated attacks on the validity of a petitioner's conviction or sentence." *Ramos v. Davis*, 653 F. App'x 359, 363 (5th Cir. 2016) (*quoting Leal Garcia v. Quarterman*, 573 F.3d 214, 221-22 (5th Cir. 2009)). "AEDPA's 'design is to further the principles of comity, finality, and federalism,' to 'reduce piecemeal litigation,' and to 'streamline federal habeas proceedings.'" *Id.* (quoting *Panetti v. Quarterman*, 551 U.S. 930, 945-46 (2007)).

[3] *See also Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (suggesting that the definition of "second or successive" would be the same under AEDPA as under pre-AEDPA law); *In re Cain*, 137 F.3d 234, 236 (5th Cir. 1998) (indicating that courts should interpret the meaning of "second or successive" using pre-AEDPA abuse-of-the-writ standards).

467, 489 (1991).

Here, Petitioner raises a claim premised on the same grounds on which he based the first claim in his prior petition. In the prior petition, he claimed that joining different offenses in his indictment was unconstitutional because the offenses were not "triable by the same mode of trial." *Ricks*, 3:21-cv-0831 at Doc. 6, p. 5. Here, he claims that because "aggravated rape requires a unanimous verdict and . . . cruelty to juveniles requires a majority verdict[,]" the offenses "are not triable by the same mode of trial and could not have been charged in the grand jury's indictment . . . ." [doc. # 1 , pp. 13-14]. Even assuming the claim here differs from the one in the previous petition, Petitioner could have included the claim here in his first petition. *See Leal Garcia*, 573 F.3d at 222 (5th Cir. 2009) ("In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive . . . ."). Regardless, the instant petition is a later-in-time petition that challenges the same judgment imposing the same sentences as Petitioner's earlier-in-time petition. This petition is therefore successive.

In the prior proceeding, the Court dismissed Petitioner's petition as time barred under 28 U.S.C. § 2244. While a dismissal based on the statute of limitations does not include an examination of the merits of the substantive claims presented in a petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive. *In re: Flowers*, 595 F.3d 204, 205 (5th Cir. 2009); *In re Garrett*, 633 F. App'x 260, 261 (5th Cir. 2016).

Before this Court may consider a second or successive petition, Petitioner must, as mentioned, obtain authorization to file it from the Fifth Circuit Court of Appeals. 28 U.S.C. §

2244(b)(3)(A).[4]  Because the record does not reveal that Petitioner received such authorization, this Court lacks jurisdiction.  *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *U.S. v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

## Conclusion

For the reasons above, **IT IS RECOMMENDED** that this proceeding be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.[5]

**IT IS FURTHER RECOMMENDED** that Petitioner's remaining motions, [doc. #s 5, 7, 9, 10], be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See***

---

[4] "Before a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

[5] Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory.  *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred).  Dismissal, rather than transfer, is warranted here.

***Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 19th day of October, 2022.

                                                                                                                                                                                                */s/ Kayla Dye McClusky*
                                                                                Kayla Dye McClusky
                                                                                 United States Magistrate Judge